UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEAN WEST,

    Plaintiff,

v.

JOHN M. KUSCH, et al.,

    Defendants.

No. 21 CV 6710

Judge Manish S. Shah

## ORDER

Defendant John Kusch's motion to dismiss Count I, [16], is granted. The Section 1983 claim is dismissed with prejudice. With Kusch and the only federal claim dismissed from the case, the court declines to exercise supplemental jurisdiction over the remaining state-law claims. Defendants Nazneen Saiyed and Nazneen Hospitality, Inc.'s motion to dismiss, [15], is terminated as moot. The Clerk shall enter judgment, terminate this civil case, and remand the state-law claims to the Circuit Court of Lake County.

## STATEMENT

From early 2019 to October 2021, plaintiff Dean West lived at a motel owned by defendant Nazneen Hospitality, Inc., and managed by defendant Nazneen Saiyed. [1-1] ¶¶ 2, 5–6.[1] Throughout his tenancy, West complained about his unit's deficient plumbing, electricity, ventilation, and security, but Saiyed refused to do anything. *Id.* ¶¶ 11–18. Things came to a head in early October 2021, when sewage backed up into West's unit. *Id.* ¶ 19. West showed Saiyed the issue and requested that it be repaired; in response, Saiyed stated that complaints about conditions of the property were not permitted, instructed West to vacate the property immediately, and threatened to call the police. *Id.* ¶¶ 20–23. West told Saiyed that she needed a court order to remove him before himself calling the police. *Id.* ¶¶ 24–25. Once Officer John Kusch arrived at the unit, Saiyed stated that West must vacate the property within five days because he complained about the sewage backup. *Id.* ¶ 27. Kusch responded by saying, "You'd better do what she says." *Id.* ¶ 28. West then vacated the property to avoid being arrested. *Id.* ¶ 29.

---

[1] Bracketed numbers refer to entries on the district court docket. Page numbers are taken from the CM/ECF header at the top of filings.

West sued defendants in the Circuit Court of Lake County, Illinois, bringing one claim against Kusch under 42 U.S.C. § 1983 (Count I), and three state-law claims against Nazneen Hospitality and Saiyed (Counts II–IV). *Id.* ¶¶ 30–48. Kusch timely removed the case to federal court under 28 U.S.C. §§ 1441, 1446, and now seeks to dismiss West's constitutional claim under Rule 12(b)(6). [1], [16].

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). I accept West's factual allegations as true and draw all reasonable inferences in his favor, but I disregard his legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

To state a claim under § 1983, West must allege that Kusch violated his federal constitutional rights while acting under color of state law. *D.S. v. East Porter County School Corp.*, 799 F.3d 793, 798 (7th Cir. 2015). And to state a Fourth Amendment claim, West must allege that (1) Kusch seized him, and (2) the seizure was unreasonable. *See Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 516 (7th Cir. 2020).

The complaint alleges neither. A Fourth Amendment seizure of a person "can take the form of 'physical force' or a 'show of authority' that 'in some way restrains the liberty' of the person." *Torres v. Madrid*, 141 S. Ct. 989, 995 (2021) (quoting *Terry v. Ohio*, 392 U.S. 1, 19, n.16 (1968)). A seizure occurs when, viewing all the circumstances surrounding the encounter, a reasonable person would not feel free to terminate the encounter with police. *See United States v. Holly*, 940 F.3d 995, 1000 (7th Cir. 2019); *United States v. Shields,* 789 F.3d 733, 743 (7th Cir. 2015). West argues that Kusch unlawfully seized him within the meaning of the Fourth Amendment when Kusch "demand[ed] that [West] vacate the property under threat of arrest." [19] at 8. But all the complaint alleges is that Kusch told West that he "better do what [Saiyed] says," *i.e.*, to vacate the unit within five days. That is not a seizure. There are no allegations that Kusch ordered West to leave the unit, displayed a weapon, told West that he'd be arrested if he failed to do comply, or physically touched or escorted West off the premises. *See United States v. Mendenhall*, 446 U.S. 544, 554 (1980). West's subjective interpretation—that Kusch's statement was a threat of arrest—is immaterial to whether a seizure occurred.

What's more, even if Kusch's statement could be construed as a threat of arrest amounting to a seizure, the seizure still would not have been unreasonable. In *White v. City of Markham*, 310 F.3d 989 (7th Cir. 2002), plaintiff called police amid a dispute with his aunt (who owned the home in which plaintiff lived). *See id.* at 994. An officer arrived at the home and threatened to immediately arrest the plaintiff if he failed to comply with the officer's order to leave the residence. *Id.* at 994–95. Plaintiff brought a Fourth Amendment claim against the officer under § 1983. The court held that while it was "unclear whether a seizure occurred," it did "not need to answer that question" because even if the encounter "could be labeled a seizure, the 'seizure' was

2

reasonable." *Id*. at 995. It was not unreasonable, the court reasoned, to use the threat of arrest to mollify a dispute between citizens. *See id*. at 996; *see also Schlessinger v. Salimes*, 100 F.3d 519, 523 (7th Cir. 1996) (reasonable for officer to threaten arrest to stop restaurant patron's disorderly conduct). So too here. Assuming for the sake of argument that Kusch's statement constituted a threat of arrest, and assuming further that the threat of arrest constituted a seizure, there was nothing unreasonable about Kusch's alleged conduct. *See Dix*, 978 F.3d at 517; *see also Lunini v. Grayeb*, 184 Fed. App'x 559, 563 (7th Cir. 2006) ("[I]n some circumstances police officers may, as part of their community caretaking function, separate parties to a domestic disturbance by ordering one party to leave the premises regardless of whether that order amounts a seizure.").

West cites *Soldal v. Cook County, Ill.*, 506 U.S. 56 (1992), but that case is about the seizure of property, not a person. In *Soldal*, the plaintiff alleged that multiple local officers conspired with a mobile-home park owner to remove his family's trailer home from the premises. *Id*. at 58–60. The Court held that the officers seized the plaintiff's property within the meaning of the Fourth Amendment when "acting under color of state law, [the officers] dispossessed the Soldals of their trailer home by physically tearing it from its foundation and towing it to another lot." *Id*. at 72.[2] *Soldal* does not support a finding that Kusch seized West. And the complaint does not allege that Kusch entered the unit, blocked West's entry, or did anything else to dispossess or infringe upon West's property rights.

Because the complaint does not plausibly allege an unreasonable seizure, Kusch's motion to dismiss, [16], is granted. West does not request leave to amend the complaint and does not suggest that there are any additional facts about Kusch's conduct that he could allege to state a plausible claim for unreasonable seizure. Amendment of Count I would be futile, so the § 1983 claim against Kusch is dismissed with prejudice.

With the sole basis of federal jurisdiction excised from the case, I decline to exercise supplemental jurisdiction over the remaining state-law dispute. *See* 28 U.S.C. § 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (decision to decline supplemental jurisdiction under § 1367(c) is "purely discretionary"). Neither the notice of removal nor the complaint alleges diversity jurisdiction between West and the remaining defendants. *See* 28 U.S.C. § 1332. When, as here, "the federal claims drop out before trial," the presumption is that "the district court should relinquish jurisdiction over the state-law claims." *Refined Metals Corp. v. NL Industries Inc.*, 937 F.3d 928, 935 (7th Cir. 2019) (quoting *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007)).

---

[2] The question of whether the seizure was unreasonable, and therefore unlawful, was not before the Court. *See Soldal*, 506 U.S. at 62.

      The case is remanded to the Circuit Court of Lake County. *See Carlsbad Tech.*, 556 U.S. at 637 (district courts are authorized to remand removed case to state court after declining to exercise supplemental jurisdiction under § 1367(c)(3)); *see also* 13D Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3567.3 (3d ed.) ("[I]n a case removed from state to federal court, the federal judge who declines supplemental jurisdiction under § 1367(c) should remand the supplemental claims to state court."). Nazneen Hospitality and Saiyed's motion to dismiss, [15], is terminated as moot.

ENTER:

Date:   June 10, 2022

                                              Manish S. Shah
                                              U.S. District Judge